BENJAMIN KAMENITSKY, Appellant, *v.* THOMAS F. CORCORAN, Respondent.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Pleading — allegations of complaint — duress — reply — actions — motion for judgment on the pleadings.

A complaint by one maintaining a duly-licensed news stand wholly on city property, but on a corner where defendant's saloon was situated, which alleges that he unlawfully demanded of plaintiff a certain sum a month for the privilege of maintaining said stand and threatened that if said sum was not paid he would cause plaintiff's license to be taken away and plaintiff ousted from said location, and, further, that under duress of the aforesaid threat and in apprehension of injury to his business at said stand plaintiff thereafter regularly paid said sum to defendant, states a good cause of action for the recovery of money paid under duress, the threat being one which defendant had no right to make.

A reply, alleging that all payments made during the six years next succeeding July, 1904, were made under continual apprehension as long as defendant was in possession of the saloon and that so soon as defendant removed therefrom the action was begun, must be accepted as true for the purpose of defendant's motion for judgment on the pleadings.

APPEAL from an order of the City Court of the city of New York, granting defendant's motion for judgment on the pleadings.

Harry W. Newburger (I. Maurice Wormser, Harry W. Newburger and Louis H. Robinson, of counsel), for appellant.

Wentworth, Lowenstein & Stern (Louis Lowenstein, of counsel), for respondent.

LEHMAN, J. The complaint herein alleges that the defendant was the owner of a saloon on Sixth avenue. That the plaintiff was duly licensed by the city of New York to maintain a news stand on the corner where the defendant's saloon was situated, but wholly on the property of the city. At this news stand the plaintiff conducted his business of selling newspapers and periodicals. The complaint then continues: " VI. That on or about or in the month of July, 1904, the defendant herein unlawfully demanded of the plaintiff herein the sum of Fifteen Dollars per month for the privilege of maintaining the said news stand at the aforesaid corner and then and there threatened that if the said sum was not paid to defendant he would cause the license of the plaintiff to be taken away and would cause the plaintiff to be ousted from said location. VII. That under duress of the aforesaid threat and in apprehension of injury to the plaintiff's business at the aforesaid news stand, the plaintiff herein thereafter regularly paid the sum of Fifteen Dollars per month to the defendant herein until the month of June, 1910, etc."

The defendant moved for judgment on the pleadings and this motion has been granted on the ground that " the allegations of the complaint do not show actionable duress." From this order the plaintiff now appeals.

The defendant contends that if we strip the complaint of its conclusions of law, there are no allega-

tions of fact which show that the plaintiff has paid any money under the compulsion of threats of any unlawful acts on the part of the defendant. The complaint does, however, contain the following allegations: 1. That the defendant demanded of plaintiff the sum of fifteen dollars a month for the privilege of maintaining the news stand outside of his place of business. 2. The news stand was not situated on defendant's land, but was situated on the property of the city and the plaintiff was duly licensed by the city to maintain the news stand. From these allegations it seems a necessary conclusion that the plaintiff already had the privilege of maintaining his news stand and the defendant could not grant or withhold such a privilege and of course could not properly demand or receive money for a privilege he could neither grant nor withhold. Nevertheless, even though the defendant could not properly demand payment for a privilege he could not confer, yet if the plaintiff complied voluntarily with this demand he cannot recover the money paid in this action. The plaintiff is not complaining that he made a foolish bargain but is urging, in effect, that he made no bargain at all but that the defendant put him, by threats, in such fear that he felt compelled to make these payments in order to keep the defendant from wrongfully doing his property even greater harm. Upon this element the claimant alleges: 1. That the defendant threatened that if the said sum was not paid he would cause the license of the plaintiff herein to be taken away and would cause him to be ousted from the said location. 2. That under duress of the aforesaid threat and in apprehension of injury to the plaintiff's business, the plaintiff regularly paid the sum of fifteen dollars per month. The allegation of the threat is of course an allegation of fact and not a conclusion of law and the allegation that the money was paid under

duress of this threat is, I think, clearly an allegation of an ultimate fact and also not a conclusion of law. The only real question, therefore, in the case would seem to be, whether money paid under fear of a threat to cause the plaintiff's license to be taken away and to cause his news stand to be ousted from its location is money paid under legal duress.

The defendant seems to maintain that, inasmuch as he is not a public officer and has no power to take away the plaintiff's license or to oust him from his location, there could be no duress. Duress, however, may be exercised by threats as well as by force and if the defendant represented that he had the power — legally or illegally — to take away the plaintiff's license and the plaintiff believed that he could make his threat good, then of course it becomes immaterial that defendant did not possess such power. It is true that the complaint does not expressly allege either that the defendant claimed such power or that the plaintiff believed such claim, but I think that such a claim can well be implied from the making of the threat and that the allegation that the plaintiff acted '' in apprehension of injury to his business '' shows that he believed that the threat could be made good.

It seems to me, therefore, quite clear that the complaint sets forth a good cause of action for money paid under duress if the threat is one which the defendant had no right to make. Our courts have held that a threat to appeal to the courts or to use the process of the courts even for a malicious and wrongful purpose cannot constitute duress and the defendant seems to rely largely on these cases. In the present case, however, the threat was not to appeal to the courts to use their process against the plaintiff. It was not a threat to bring the plaintiff into a tribunal where his legal rights could be tested but on the contrary was a

threat to do the plaintiff an injury without any legal right so to do on defendant's part and without opportunity for plaintiff to receive an impartial hearing.

The only remaining points to be considered are whether the Statute of Limitations has run or whether by continuing the payment for years the plaintiff has acquiesced in the defendant's demand. Of course the answer to both these questions depends upon the time when the compulsion through fear ceased. The reply states that all payments were made under continual apprehension as long as defendant was in possession of the saloon and that as soon as the defendant removed from the saloon this action was begun, and for the purposes of this motion the allegations of the reply must be accepted as true.

Order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

Whitaker, J., concurs; Finch, J., concurs in result.

Order reversed, with costs.